UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
STEPHEN MUSACCHIO,

                Plaintiff,

              -against-

THE HERTZ CORPORATION,

                Defendant.
-------------------------------------------------------------------x

                              **MEMORANDUM AND ORDER**
                              20-CV-05705 (OEM) (SIL)

ORELIA E. MERCHANT, United States District Judge:

      On November 23, 2020, Plaintiff Stephen Musacchio ("Plaintiff") commenced this action against Defendant The Hertz Corporation ("Defendant"), invoking diversity jurisdiction pursuant to 22 U.S.C. 1332, seeking more than $75,000.00 in damages for claims asserted under New York Labor Law § 740. Complaint ("Compl."), ECF 1. On December 18, 2020, Defendant appeared and filed a suggestion of bankruptcy and notice of automatic stay. Specifically, Defendant indicated that it had filed a bankruptcy petition on May 22, 2020, in the United States District Court for the District of Delaware under Chapter 11 of the Bankruptcy Code , and that, "pursuant to [S]ection 362(a) of the Bankruptcy Code, the commencement of the chapter 11 cases operates as a stay [. . .] applicable to [Defendant as a debtor in bankruptcy court] [on] 'the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.'" Defendant's Suggestion of Bankruptcy and Notice of Operation of the Automatic Stay ("Def.'s Bankruptcy Suggestion"), ECF 9, at 1 (quoting 11 U.S.C. § 362(a)). Defendant also noted that "actions taken in violation of the automatic stay

are void and may subject the person or entity taking such action to the imposition of sanctions by the Bankruptcy Court." *Id.* at 2.

On January 20, 2021, the Court directed Plaintiff to file a status report indicating whether Plaintiff had sought, or intended to seek, relief from the automatic stay or, alternatively, whether Plaintiff intended to make his claim in the bankruptcy proceeding.  Docket Order dated 1/20/2021. By letter dated February 19, 2021, Plaintiff indicated that he "consent[ed] to the Court staying this matter" and that "he [was] navigating his rights with respect to the bankruptcy cases."  Plaintiff Status Letter, ECF 10.  The Court stayed this action on February 22, 2022.[1]  Docket Order dated 2/22/2022.

In the parties' joint status report filed on January 31, 2025, Defendant indicated that it had "recently discovered that [this action] [is] void *ab initio* because Plaintiff [had] commenced [it] after the automatic stay took effect" and as such requested 21 days to file a motion to dismiss Plaintiff's complaint on that basis. Joint Status Report, ECF 23.

On February 4, 2025, the Court lifted the stay to permit the parties to engage in motion practice.  Docket Order dated 2/4/2025.

On February 25, 2025, Defendant filed a pre-motion conference request on its anticipated motion to dismiss this action as void *ab initio* because it was filed after the automatic stay was in

---

[1] Between February 22, 2022, and October 21, 2024, the parties filed virtually identical proforma joint status reports indicating that:

> Defendant's bankruptcy proceedings referenced in Defendant's Suggestion of Bankruptcy [ECF 9] are still pending before the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), case number 20-11218 (MFW).  On June 10, 2021, the Bankruptcy Court issued an oral ruling approving confirmation of the plan and, on June 10, 2021, the court entered the confirmation order.  Pursuant to the plan, pre-petition litigation remains stayed pursuant to Section 362(a) of the Bankruptcy Code and will be subject to an ADR process set up within the bankruptcy.  The parties agree that this case should remain stayed pending Defendant's bankruptcy.

*See* ECF 10, 12, 14, 15, 16, 17, 18, 19, 20, 21.

effect. Defendant's Pre-Motion Conference Letter ("Def.'s PMC Ltr."), ECF 24 (citing *Rexnord v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (dismissing action as void *ab initio* filed after automatic stay in effect)). Plaintiff filed a responsive letter, opposing dismissal on the grounds that (1) Plaintiff was not aware of Defendant's bankruptcy until after he had initiated this action, (2) Defendant waited too long to raise this defense, and (3) Defendant has not objected to Plaintiff's involvement in the bankruptcy proceeding. Plaintiff's Responsive Letter ("Pl.'s PMC Opp."), ECF 27. Further, Plaintiff argues that this action should remain stayed until Defendant's bankruptcy has been resolved.[2] *Id.*

On March 11, 2025, the Court ordered Plaintiff to show cause why this action should not be dismissed as void *ab initio*:

> Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). Courts in this Circuit have held that actions commenced in violation of an automatic stay are void *ab initio*. *See, e.g., Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) ("The stay is effective immediately upon the filing of the petition, and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect."); *Hamm v. R.H. Macy & Co.*, 1994 WL 507717, at *2 n.1 (S.D.N.Y. Sept. 13, 1994) ("In situations where the complaint was filed after bankruptcy,... dismissal is appropriate because the filing of the complaint itself was void."); *Hearst Mags. v. Stephen L. Geller, Inc.*, 2009 WL 812039, at *2 (S.D.N.Y. Mar. 25, 2009) (action filed post-bankruptcy petition "is void from its commencement and [debtor defendant] will be dismissed without prejudice."); *Serio v. DiLoreto*, 2002 WL 426165, at *1-*2 (S.D.N.Y. Mar.19, 2002) (holding that action commenced after filing of bankruptcy petition is "void" and "dismissed, without prejudice, as violative of the automatic stay").

> Defendant requested a pre-motion conference on its anticipated motion to dismiss on the ground that this action, having commenced after Defendant filed its bankruptcy petition, is void ab initio and therefore this Court should dismiss it. In his responsive letter, Plaintiff does not appear to dispute this ground for dismissal

---

[2] In support for a stay, Plaintiff cites to *Burgess v. Major Model Mgmt., Inc.*, 20-CV-02816 (JLR), 2023 WL 2504382, at *1 (S.D.N.Y. Feb. 5, 2023). However, *Burgess* is distinguishable on the fact that the defendant in that case filed for bankruptcy *after* plaintiff had commenced the civil action.

but argues that he was not aware prior to filing this action that Defendant had filed for bankruptcy. However, this does not preclude dismissal of this action. *In re Sklar*, 626 B.R. 750 (even if plaintiff had no notice of the bankruptcy filing, action is void); *Hearst Magazines*, 2009 WL 812039, at *1 (noting that an action filed in violation of the stay is void even where the acting party had no actual notice of the stay). And the fact that this action has been pending for nearly four years cannot sustain an action that the Court has otherwise no subject-matter jurisdiction to entertain it.

Order to Show Cause ("OSC"). As directed by the Court, Plaintiff filed a response, ECF 29, and Defendant filed a reply, ECF 30.

## DISCUSSION

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against judicial actions like this instant action. 11 U.S.C. § 362(a)(1). The automatic stay provision is considered "'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Eastern Refractories Co. v. Forty-Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (quoting H.R. Rep. No. 95-595, at 340 (1977)). The stay takes effect automatically upon the filing of the petition and any proceedings or actions described in Section 362(a)(1) that occur after the automatic stay are void and without validity. *Rexnord Holdings*, 21 F.3d at 527. Actions taken in violation of the automatic stay are void even where there is no actual notice of the existence of the stay. *In re Heating Oil Partners, LP*, 422 F. App'x 15, 18 (2d Cir. 2011).

Here, Plaintiff commenced this action against Defendant in violation of the bankruptcy automatic stay, because this action was filed after the automatic stay took effect. It is immaterial that Plaintiff did not have notice of the bankruptcy stay at the time that he filed this action because the "stay is, as its name implies, automatic and therefore requires no action by the debtor to be enforced." *Dalton v. New Commodore Cruise Lines Ltd.*, 02-CV-8025(DLC), 2004 WL 344035, at *2 (S.D.N.Y. Feb.24, 2004) (action dismissed as void *ab initio* in "derogation of the automatic

stay" even where plaintiff alleged she was unaware of defendant's bankruptcy proceeding, finding that plaintiff's lack of notice was "immaterial"). Plaintiff does not represent whether he sought and obtained relief from the automatic stay in the bankruptcy court to file or continue this civil action. *See* 11 U.S.C § 362(d)(1) ("On request of a party in interest and after notice and a hearing, the [bankruptcy] court shall grant relief from the stay . . . for cause."). The filing of this civil complaint in violation of the stay is thus void from its commencement, and therefore, this action is dismissed.[3] *See Hearst Magazines*, 2009 WL 812039, at *2; *Hamm,* 1994 WL 507717, at *2 ("Because of this violation of the automatic stay, the commencement of [plaintiff's] action was void and without effect, and, therefore, his action must be dismissed.").

Plaintiff argues that dismissal is not warranted because Defendant was *knowingly* "stealthily silent," and failed to act during Plaintiff's *unknowing* violation of the bankruptcy automatic stay. Plaintiff's Response to Order to Show Cause ("OSC Resp."), ECF 29, at 1. Therefore, Plaintiff argues, Defendant cannot now avail itself of the protections afforded by the bankruptcy automatic stay to dismiss this action.[4] However, the issue of whether a debtor was stealthily silent and acted in bad faith is analyzed in the context of a motion for relief from the automatic stay before the bankruptcy court. *See, e.g., In re Crichlow*, 666 B.R. 441, 448-455 (Bankr. E.D.N.Y. 2024) (analyzing whether debtor was stealthily silent and therefore acted bad faith in determining whether to grant creditor's motion for retroactive relief from automatic stay); *In re Sklar*, 626 B.R. 750, 763 (Bankr. E.D.N.Y 2021) (denying motion for relief from automatic

---

[3] The Court notes of the provisions under 11 U.S.C. § 108(c) that allows plaintiffs in certain circumstances and to the extent permitted by law to re-file their action within 30 days of the lift of automatic stay or dismissal of bankruptcy petition. *See also Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993).

[4] The parties appear to argue whether Plaintiff's proof of claim filed in the bankruptcy cases was expunged or disallowed—without explaining the import of this issue on whether this action should be dismissed *ab initio*. Regardless, the Court will note that to the extent Plaintiff missed the October 21, 2020 deadline set by the Bankruptcy Court to file his proof of claim in the bankruptcy action, at no point did Plaintiff notify the Court of this fact in the subsequent status reports filed in this case or sought any relief from this Court in that regard.

stay finding debtor was not stealthily silent and therefore did not act in bad faith).  To the extent Plaintiff seeks retroactive relief or annulment of the automatic stay, that application must be made before the bankruptcy court because any "[r]elief from the effect of the automatic stay provisions may be granted only by the bankruptcy court." *Matter of Arbitration Between Barbier & Shearson Lehman Hutton Inc.*, 943 F.2d 249, 250 (2d Cir. 1991) (citing 11 U.S.C. § 362(d) and (f)); *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986) ("Relief from the effect of the automatic stay provisions of section 362(a)(1) must be sought from the bankruptcy court pursuant to section 362(d), and not from this court.").

The two cases that Plaintiff cites in support of his position that Defendant were stealthily silent do not address whether *this civil action* should not be dismissed as void *ab initio* and, in any event, are inapposite.  Both *In re Smith Corset Shops, Inc.*, 696 F.32 971 (1st Cir. 1982), and *Matthews v. Rosene (In re Matthews),* 739 F.2d 249 (7th Cir. 1984), involve debtors who litigated ancillary civil actions against creditors who were not aware of debtors' pending bankruptcy and the automatic stay and, after obtaining unfavorable rulings in these civil actions, the debtors sought to have these rulings found void and unenforceable in violation of the bankruptcy automatic stay by the bankruptcy courts—not the civil courts.  In both cases, the bankruptcy courts found that equitable considerations prevented the debtors, who had remained "stealthily silent" during these ancillary civil actions, to now use the stay to void the state courts judgments. The bankruptcy courts therefore overrode the protections of the automatic stay because of the debtors' gamesmanship—their knowing and active participation in other civil actions to obtain favorable outcomes while fully aware of pending bankruptcy and the automatic stay, and their subsequent attempt to take advantage of the protections of the automatic stay to avoid the unfavorable rulings

in these ancillary actions. *In re Smith Corset Shops, Inc.*,696 F.2d at 973-74; *In re Matthews*, 739 at 251-52. None of these concerns are present in this case.

Within weeks after being served with the summons and complaint in this action, but before its time to answer, Defendant appeared in this action and notified Plaintiff of its pending bankruptcy and the implications of the bankruptcy automatic stay that was in effect. Fully apprised of this fact as early as December 2020, Plaintiff agreed to stay this action and pursue his claim in bankruptcy court. Contrary to the creditors in *In re Smith* and *In re Matthews*, Plaintiff has known of the existence and operation of the automatic stay since the outset of this action in 2020. Further, no substantive action was taken in this case by either party, aside from the ministerial status reports informing the Court of the status of Defendant's bankruptcy and the parties' intention to continue the stay of this action. Thus, the Court is not persuaded that Defendant remained stealthily silent to reap strategic or monetary advantage. *See In re Crichlow*, 666 B.R. at 453; *see also In re Stockwell*, 262 B.R. at 281;

## CONCLUSION

For the foregoing reasons, this action is hereby dismissed as void *ab initio* without prejudice. The Clerk of Court is directed to close this case.


SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

April 4, 2024
Brooklyn, New York